UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS A.,[1]

        Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

23-CV-0353-LJV
**DECISION & ORDER**

---

On April 20, 2023, the plaintiff, Thomas A. ("Thomas"), brought this action under

the Social Security Act ("the Act").  Docket Item 1.  He seeks review of the

determination by the Commissioner of Social Security ("Commissioner") that he was not

disabled.[2]  *Id.*  On September 4, 2023, Thomas moved for judgment on the pleadings,

Docket Item 6; on September 29, 2023, the Commissioner responded and cross-moved

---

[1] To protect the privacy interests of Social Security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order,
Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov.
18, 2020).

[2] Thomas applied for both Disability Insurance Benefits ("DIB") and Supplemental
Security Income ("SSI").  One category of persons eligible for DIB includes any adult
with a disability who, based on his quarters of qualifying work, meets the Act's insured-
status requirements.  *See* 42 U.S.C. § 423(c); *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d
Cir. 1989).  SSI, on the other hand, is paid to a person with a disability who also
demonstrates financial need.  42 U.S.C. § 1382(a).  A qualified individual may receive
both DIB and SSI, and the Social Security Administration uses the same five-step
evaluation process to determine eligibility for both programs.  *See* 20 C.F.R.
§§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

for judgment on the pleadings, Docket Item 7; and on October 12, 2023, Thomas

replied, Docket Item 8.

For the reasons that follow, this Court denies Thomas's motion and grants the

Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of

inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first

decide whether [the Commissioner] applied the correct legal principles in making the

determination."  *Id*.  This includes ensuring "that the claimant has had a full hearing

under the . . . regulations and in accordance with the beneficent purposes of the Social

Security Act."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted)

(quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  The court then "decide[s]

whether the determination is supported by 'substantial evidence.'"  *Johnson*, 817 F.2d at

985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla.  It means such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison

Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "The substantial evidence standard means

once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder

would *have to conclude otherwise*."  *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443,

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I.    THE ALJ'S DECISION

On April 7, 2022, the ALJ found that Thomas had not been under a disability since February 28, 2018, his alleged onset date. *See* Docket Item 3 at 33. The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a), 416.920(a). *See id.* at 22-23.

At step one, the ALJ found that Thomas had not engaged in substantial gainful activity since his alleged onset date. *Id.* at 23. At step two, the ALJ found that Thomas suffered from six severe, medically determinable impairments: "major depressive disorder; generalized anxiety disorder; opioid abuse, in remission; scoliosis; degenerative disc disease of the cervical spine; and obesity." *Id.*

At step three, the ALJ found that Thomas's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See id.* at 25-27. More specifically, the ALJ found that Thomas's physical impairments did not meet or medically equal listing 1.15 or 1.16

3

(spinal disorder), *id.* at 25, and that Thomas's mental impairments did not meet or medically equal listing 12.04 (depressive, bipolar, or related disorders) or 12.06 (anxiety and obsessive-compulsive disorders), *id.*  In assessing Thomas's mental impairments, the ALJ found that Thomas was: (1) mildly impaired in understanding, remembering, or applying information; (2) moderately impaired in interacting with others; (3) moderately impaired in concentrating, persisting, or maintaining pace; and (4) moderately impaired in adapting or managing himself.  *Id.* at 26.[4]

The ALJ then found that Thomas had the residual functional capacity ("RFC")[5] to "perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)" except that:

> [Thomas can] frequently handle and finger on the right; [his] work must be simple[,] routine[,] and repetitive tasks; [his] work must be low stress[,] defined as occasional decision[] making and only occasional changes in work setting; [he can do] no production or pace work; [and he can have] occasional interaction with coworkers[] and no interaction with the public.

*Id.* at 27.

At step four, the ALJ found that Thomas no longer could perform any past relevant work.  *Id.* at 31.  But given Thomas's age, education, and RFC, the ALJ found at step five that Thomas could perform substantial gainful activity as a cleaner, a mail

---

[4] With respect to mental activities, the ALJ assesses the claimant's degree of limitation in four areas: (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentrating, persisting, and maintaining pace; and (4) adapting and managing oneself.  20 C.F.R. § 404.1520a(a),(c); *see Thomas v. Berryhill,* 337 F. Supp. 3d 235, 239 (W.D.N.Y. 2018) (discussing an ALJ's application of the "special technique" for non-exertional limitations).

[5] A claimant's RFC is the most he "can still do despite his limitations . . . in an ordinary work setting on a regular and continuing basis."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*

clerk, or an "[i]nvestigator [d]ealer [a]ccounts [sic]." *Id.* at 32-33; *see Dictionary of Occupational Titles* 323.687-014, 1991 WL 672783 (Jan. 1, 2016); *id.* at 209.687-026, 1991 WL 671813 (Jan. 1, 2016), *id.* at 241.367-038, 1991 WL 672258 (Jan. 1, 2016). Therefore, the ALJ found that Thomas had not been under a disability or entitled to SSI or DIB since his alleged onset date of February 28, 2018.  *See* Docket Item 3 at 33.

## II.    ALLEGATIONS

Thomas makes only one argument: that the ALJ failed to reconcile the opinion of Christine Ransom, Ph.D., with the RFC.  Docket Item 6.  More specifically, he argues that the ALJ erred in finding Dr. Ransom's opinion to be persuasive but not including all of the limitations in her opinion in the RFC .  *Id.* at 7.  For the reasons that follow, this Court disagrees.

## III.    ANALYSIS

For claims filed on or after March 27, 2017, such as Thomas's, the ALJ no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Angela H.-M. v. Comm'r of Soc. Sec.,* 631 F. Supp. 3d 1, 7 (W.D.N.Y. 2022) (internal quotation marks omitted) (quoting 20 C.F.R. § 416.920(c)(a)).  Instead, the ALJ evaluates the opinion evidence and "articulate[s] . . . how persuasive [he or she] finds the medical opinions in the case record."  *Id.* (citing 20 C.F.R. § 416.920c(b)).  The Code of Federal Regulations lists five factors for the ALJ to consider when evaluating a medical opinion: (1) the amount of evidence the source presents to support the opinion; (2) the consistency between the opinion and the record; (3) the provider's relationship with the claimant, including the length, frequency,

purpose, and extent of the relationship; (4) the provider's specialization; and (5) any other factors that "tend to support or contradict" the opinion.  20 C.F.R. § 416.920c(c)(1)-(5).  The ALJ always must explain how [he or she] considered the supportability and consistency factors" because they are "the most important factors," and the ALJ "may, but [is] not required to, explain how [he or she] considered the [remaining] factors."  *Id.* § 416.920c(b)(2).

An "ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,'" *id.* (quoting *Gecevic v. Sec'y of Health & Human Servs.,* 882 F. Supp. 278, 286 (E.D.N.Y 1995)), and "[t]here is no absolute bar to crediting only portions of medical source opinions," *Younes v. Colvin*, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015).  But an ALJ "must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled, so that '. . . a reviewing court . . . may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review.'"  *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008) (third alteration in original) (quoting *Young v. Barnhard*, 362 F.3d 995, 1002 (7th Cir. 2004)).  Therefore, when "an ALJ . . . chooses to adopt only portions of a medical opinion[, he] must explain his . . . decision to reject the remaining portions."  *Raymer v. Colvin,* 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citing *Younes,* 2015 WL 1524417, at *8).  The "explanation need not be exhaustive: it is enough if the Court can 'glean the rationale of an ALJ's decision.'"  *Chance v. Comm'r of Soc. Sec.,* 2019 WL 2123565, at*6 (W.D.N.Y. May 15, 2019) (quoting *Monguer v. Heckler,* 722 F.2d 1033, 1040 (2d Cir. 1983)).

On December 3, 2020, Dr. Ransom examined Thomas and opined, among other things, that he was moderately limited in "understanding, remembering, and applying

6

simple and complex directions and instructions" and in "interacting adequately with supervisors, coworkers, and the public."  Docket Item 3 at 1010.  The ALJ found that opinion to be persuasive and "well supported by the explanation and the evaluation."  *Id.* at 26, 31.  Thomas argues that the ALJ erred because the RFC did not account for the moderate limitations in what the ALJ found to be the "persuasive" opinion of Dr. Ransom.  *See* Docket Item 6-1 at 7.  But for several reasons, Thomas is incorrect.

First, an RFC need not perfectly mirror any opinion–even an opinion that the ALJ finds persuasive.  *See Matta v. Astrue,* 508 F. App'x 53, 56 (2d Cir. 2013) (The ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision."); *Gabrielle C. v. Comm'r of Soc. Sec.,* 2023 WL 5200159, at *2-3 (W.D.N.Y. Aug. 14, 2023) (ALJ's finding of an opinion to be "generally persuasive" did not require ALJ to formulate the RFC entirely consistent with that opinion); *Robert L. v. Comm'r of Soc. Sec.,* 2023 WL 503925, at *2 (W.D.N.Y. Aug 8, 2023) (holding that ALJ did not err in finding opinion to be "persuasive" but not incorporating in the RFC all limitations in that opinion).  As long as the RFC is supported by substantial medical evidence and the opinions of providers and examiners, it will withstand scrutiny.  *See* 20 C.F.R. § 404.1545; *see also Schillo v. Kijakazi,* 31 F.4th 64, 78 (2d Cir. 2022) ("[An] ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence.").  So Thomas's argument that the ALJ erred by not matching the RFC with every detail of a persuasive opinion misses the mark.  *See Brittany B. v. Comm'r of Soc. Sec.,* 2022 WL 16922127, at *4 (Nov. 14, 2022) ("To the extent plaintiff's argument rests on the fact that the ALJ did not adopt the entirety of limitations included in the medical opinion of

record, that argument is contrary to established law and remand is not required on that basis.").

Second, the ALJ relied on other medical findings and opinions that supported Thomas's RFC.  Docket Item 3 at 30.  For example, the ALJ noted that medical sources who evaluated Thomas's impairments for administrative purposes found him only mildly impaired in his ability to understand, remember, and apply information.  *Id.*  Those medical sources also found that Thomas could meet the "basic mental demands" of unskilled work, including the ability to follow simple instructions and to work with supervisors and coworkers.  *Id.*  And the ALJ noted that the medical evidence demonstrated that Thomas had "intact memory and average intelligence, . . . intact attention and concentration, [and the] ability to regularly interact with his therapist and . . . group."  *Id.*  So even if the RFC were not consistent with Dr. Ransom's opinion, it was well supported by other record evidence as the ALJ explained.

Third, the RFC was, in fact, consistent with Dr. Ransom's opinion.  The ALJ limited Thomas to "routine and repetitive tasks," work that was "low stress," only "occasional decision[-]making and . . . changes in work setting," and "no production or pace work."  *Id.*  Contrary to Thomas's argument, that is consistent with a moderate limitation in understanding, remembering, and applying simple and complex directions and instructions.  *See John B. v. Kijakazi.,* 2023 WL 24046, at *1 (W.D.N.Y. Jan 3, 2023) (limiting plaintiff to "simple, routine, repetitive tasks that do not require a production rate pace" and to making "simple work-related decisions, and interact[ing] no more than occasionally with supervisors, coworkers, and the public" adequately accounted for moderate limitations in "understanding, remembering, or applying

information" and "interacting with others"); *Darnell J. v. Comm'r of Soc. Sec.,* 2021 WL 1405853, at *5 (W.D.N.Y. April 14, 2021) ("The ALJ incorporated Dr. Fabiano's moderate limitation in attention and concentration by restricting [p]laintiff to work that required understanding, carrying out, and remembering, simple instructions and making only simple decisions.").

Likewise, the RFC limited Thomas to only occasional interaction with his fellow workers and no interaction with the public, which is generally consistent with a moderate limitation in interacting adequately with supervisors, coworkers, and the public. *See Jacqueline L. v. Comm'r of Soc. Sec.,* 515 F. Supp 3d 2, 12 (W.D.N.Y. 2021) ("The RFC, which limits [p]laintiff to occasional interaction with supervisors, coworkers, and the general public, as well as low-stress work (defined as occasional decision making), is supported by Dr. Deneen's opinion that [p]laintiff has . . . a moderate limitation interacting with others."); *Platt v. Comm'r of Soc. Sec.,* 588 F. Supp. 3d 412, 420-421 (S.D.N.Y. 2022) (finding that ALJ properly addressed consultant's opinion that plaintiff had moderate limitations in interacting with others by limiting plaintiff to "only occasional and superficial interaction with the general public and coworkers").

Thomas argues that the ALJ erred by limiting Thomas's interaction only with coworkers and the general public and failing to explicitly include in the RFC "any limitation in interacting with supervisors." *See* Docket Item 6-1 at 8-9. But Thomas himself wrote in his function report that he is able to get along with authority figures "[v]ery well" and that he had "never gotten into a confrontation or [had a] strong issue with anyone [he] worked with." Docket Item 3 at 335; *see Patterson v. Comm'r of Soc. Sec.,* 2019 WL 4573752, at *5 (W.D.N.Y. Sept. 20, 2019) ("[p]laintiff presents no

evidence that he could not respond appropriately to supervision[;] . . . [and] [p]laintiff provides no evidence in the record to support his assertion [that] he could not appropriately respond to supervisors"). So even if the ALJ erred in not explicitly addressing supervisors, any error was harmless. And even more to the point, the ALJ also relied on the opinions of other sources who opined that Thomas had "the ability to . . . respond appropriately to supervision." See Docket Item 3 at 30.[6]

In sum, the ALJ's decision permits this Court to glean the rationale behind Thomas's mental RFC. *See Chance,* 2019 WL 2123565. Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta,* 508 F. App'x at 56, and because the ALJ did just that, the ALJ's RFC determination was supported by substantial evidence. This Court cannot and will not second guess it.

---

[6] Thomas argues that the ALJ committed an error identical to the one requiring remand in *Keith M.B. v. Comm'r of Soc. Sec.,* 2022 WL 2948980, at *7 (W.D.N.Y. July 26, 2022). *See* Docket Item 6-1 at 9. In *Keith M.B.,* remand was necessary because the ALJ failed to "discuss how his RFC addressed all of plaintiff's limitations." 2022 WL 2948980, at *14. Moreover, the error was not harmless because the ALJ was obligated to explain why he found that a moderate limitation "would result in less than one absence per month and being off task less than five percent of the time." *Keith M.B.,* 2022 WL 2948980, at *13. This lack of explanation left the reviewing court unable to "decide whether the ultimate decision is supported by substantial evidence." *Id.* Here, on the other hand, the ALJ explicitly discussed and explained his reasoning. And here, the RFC is supported by substantial evidence in the record. So contrary to Thomas's assertion, *Keith M.B.* is inapposite.

## <u>CONCLUSION</u>

The ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error.  Therefore, and for the reasons stated above, Thomas's motion for judgment on the pleadings, Docket Item 6-1, is DENIED, and the Commissioner's cross-motion for judgment on the pleadings, Docket Item 7-1, is GRANTED.  The complaint is DISMISSED, and the Clerk of the Court shall close the file.


SO ORDERED.

Dated:          March 8, 2024
                Buffalo, New York


*Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE